# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BILBREY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| KEAY & COSTELLO, P.C., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff CHRISTINE BILBREY, through undersigned counsel, brings this complaint against Defendant KEAY & COSTELLO, P.C., and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for violations of the Fair Debt Collection Practices Act (the "FDCPA").

2. The claims stated herein stem from Defendant's wrongful debt collection activities on an alleged debt arising from condominium association fees.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

**PARTIES**

5. Plaintiff Christine Bilbrey is a natural person who resides at 3807 West Ainslie Street, Apartment 2M, Chicago, Illinois, and from whom Defendant attempted to collect an allegedly defaulted consumer debt, specifically, condominium fees and assessments allegedly owed to Troy Court Condominium Association ("Troy Court").

6. Plaintiff was formerly known as "Christine Thrasher," her maiden name, but now is known as "Christine Bilbrey," her married name.

7. Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA.

8. Defendant Keay & Costello, P.C. ("Keay") is a law firm organized as an Illinois professional corporation.

9. Keay does business in the State of Illinois, including in this District.

10. Keay is a debt collector (as that term is defined in Section 1692a(6) of the FDCPA) because it uses the mails and telephone in its business, the principal purpose of which is the collection of consumer debts, and because it regularly attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another.

**FACTS SUPPORTING CAUSES OF ACTION**

11. Plaintiff formerly owned and resided in the condominium located at 4337 North Troy Street, Unit 1E, Chicago, Illinois (the "subject property").

12. In mid-2016 and early 2017, Plaintiff feel behind on her mortgage secured by the subject property.

13. Although Plaintiff fell behind on her mortgage, she continued to make payments to Troy Court for monthly fees and assessments.

14. On February 14, 2017, the mortgagee bank filed a foreclosure action against Plaintiff, styled as *PNC Bank, N.A. v. Bilbrey*, Case No. 2017 CH 02132 in the Cook County Chancery Court (the "foreclosure action").

15. Prior to the foreclosure action, Plaintiff paid all of the monthly fees and assessments charged to her by Troy Court for the subject property.

16. Plaintiff was unable to save her home from foreclosure, and the court in the foreclosure action scheduled a sale of the subject property for September 20, 2017.

17. Despite the foreclosure action and the scheduled sale, Plaintiff continued to pay the monthly fees and assessments charged by Troy Court through and including July 2017.

18. Plaintiff only failed to pay the monthly fees and assessments charged by Troy Court for the subject property for August and September 2017.

19. The monthly fees and assessments charged by Troy Court for the subject property for August and September 2017 totaled approximately $740.

20. Plaintiff vacated the subject property in mid-September 2017.

21. The subject property was sold at auction on September 20, 2017.

22. Plaintiff ceased to be the "Unit Owner," as that terms is defined under 765 ILCS 605/2(g), as of September 20, 2017.

23. Since Plaintiff ceased to be the Unit Owner on September 20, 2017, Plaintiff was not responsible for paying any fees or assessments charged by Troy Court for the subject property beginning October 1, 2017.

24. On October 31, 2017, Keay filed a collection action against Plaintiff on behalf of Troy Court, styled as *Troy Court Condominium Association v. Thrasher*, Case No. 2017 M1 130194, in the Municipal Department of Cook County (the "collection action").

25. In the collection action, Keay sought to collect from Plaintiff amounts alleged to be owed by Plaintiff to Troy Court (the "alleged debt").

26. On or about January 12, 2018, Keay caused the collection action complaint to be served on Plaintiff.

27. By serving the collection action complaint on Plaintiff, Keay communicated the contents of the complaint to Plaintiff.

28. Keay made several false and misleading statements in the collection action complaint.

29. In the complaint, Keay stated that Plaintiff was the owner of the subject property "from February 19, 2008 until present."

30. This statement was false and misleading. The complaint was filed on October 31, 2017, and Plaintiff ceased to be the owner of the subject property as of September 20, 2017.

31. In the complaint, Keay also stated that Plaintiff had "failed to pay her proportionate share of [Troy Court's] common expenses" charged in 2016 and 2017.

32. This statement was false and misleading. The only common expenses that Plaintiff had failed to pay were for August and September 2017.

33. In the complaint, Keay also stated that Plaintiff "is indebted to TROY COURT in the amount of $1,360.47 for the unpaid assessments and late fees."

34. This statement was false and misleading. Plaintiff only owed Troy Court $740 for the August and September 2017 monthly charges.

35. Plaintiff suffered damages due to Keay's misconduct, including but not limited to fear, aggravation, confusion, anxiety, inconvenience, and loss of time.

## COUNT I – VIOLATIONS OF THE FDCPA

36. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

37. Plaintiff is a "consumer" under Section 1692a(3) of the FDCPA, as the judgment arose from an alleged debt that was strictly for personal, family, and household purposes.

38. The alleged debt qualifies as a "debt" under Section 1692a(5) of the FDCPA.

39. Keay is a "debt collector" under Section 1692a(6) of the FDCPA because it regularly collects debts and uses the mail or telephone to collect delinquent consumer accounts, and the principal purpose of its business is to collect defaulted consumer debts.

### A. <u>Violations of Sections 1692e, and 1692g(a) of the FDCPA</u>

40. Sections 1692e and 1692f of the FDCPA state, in relevant part, as follows:

**1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**\*\*\***

> **(2) The false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;**

**\*\*\***

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer**

**1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

41. In its attempts to collect the alleged debt from Plaintiff, Keay violated Sections 1692e, e(2), e(10), and 1692f and f(1) of the FDCPA by (a) falsely stating that Plaintiff lived in the apartment through October 31, 2017, (b) falsely stating that Plaintiff had failed to pay monthly fees and assessments to Troy Court in 2016 and for months in 2017 other than August and September, and (c) falsely stating that Plaintiff owed more to Troy Court than she actually owed to Troy Court and unfairly trying to collect from Plaintiff more than she owed.

42. Plaintiff suffered damages proximately caused by Keay's misconduct.

43. As a result of Keay's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Keay;

b. award Plaintiff statutory and actual damages in an amount to be determined at trial;

c. award Plaintiff reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

d. award any other relief this Honorable Court deems equitable and just.

**Plaintiff Demands Trial by Jury.**

                                                Respectfully Submitted,

                                                /s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
The Law Office of Daniel Brown
208 S. Jefferson St., Suite 204
Chicago, IL 60661
(773) 453-7410
daniel@mainstreetattorney.com

*Attorney for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: /s/ *Daniel Brown*
    Daniel Brown

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ *Daniel Brown*
    Daniel Brown